**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

_____

| | | |
|---|---|---|
| **MARYBETH AND STEPHEN** | ) | |
| **CURLEY, h/w** | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | **CIVIL COMPLAINT** |
| **vs.** | ) | |
| | ) | |
| **MARCADIS & ASSOCIATES,** | ) | |
| **P.A.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **FIA CARD SERVICES** | ) | |
| | ) | |
| **CLIENT SERVICES** | ) | |
| **INCORPORATED** | ) | |
| | ) | |
| **Defendants** | ) | |

_____)

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Marybeth and Stephen Curley, h/w, by and through their  undersigned counsel, Rinky S. Parwani, Esquire of Parwani Law, P.A., complaining of Defendants, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.      Plaintiffs, Marybeth and Stephen Curley, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendants for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   <u>JURISDICTION</u>

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendants conduct business in this District and the Plaintiff resides in this District.

## III.   <u>PARTIES</u>

4.      Plaintiffs, Marybeth and Stephen Curley, h/w, are adult natural persons residing at 2733 Windsong Circle, Palm Harbor, Florida 36484.  At all times material and relevant hereto, Plaintiff are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Marcadis & Associates, P.A. ("Defendant"), at all times relevant hereto, is and was a professional association engaged in the business of collecting debt within the states of Florida and Georgia with its principal place of business located at 5104 South Westshore Blvd., Tampa, FL 33611.

6.      Defendant, FIA Card Services ("Defendant"), at all times relevant hereto, is and was a credit card payment processing company engaged in the business of collecting debt within the states of Florida and Delaware with its principal place of business located at P.O. Box 15720, Wilmington, DE 19850.

7.      Defendant, Client Services, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Florida and has a principal place of business located at 3451 Harry S. Truman Blvd., Saint Charles, MO 63301-4410.

8.     Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

9.     In or around March, 2009, Plaintiffs began receiving calls from Defendant, Client Services, collecting on a debt allegedly owed to Defendant, FIA Card Services.

10.     Defendant, Client Services, stated Plaintiff owed approximately $4,000.00.

11.     With the help of their personal counsel, Plaintiffs were able to reach a settlement agreement with Defendant, Client Services, for $3,495.00.

12.     Plaintiffs agreed to pay the first installment of $1,500.00 to Defendant, Client Services, on or before June 26, 2009.

13.     This payment was accepted and deposited by the Defendant, Client Services.

14.     Plaintiffs sent additional payments as promised to the Defendant, Client Services, as required on account number #xxxxxxxxxxxxx9952.

15.     On or about September 9, 2009, Defendant FIA Card Services, sent Plaintiffs a letter thanking them for the final payment toward the agreed upon settlement. **See Exhibit "A" (letter) attached hereto**.

16.     Defendant, FIA Card Services, letter went on to state that the account would be reported to the consumer reporting agencies as a settled account.

17.     On or about September 25, 2009, Plaintiffs received a second letter from Defendant, FIA Card Services, however this letter stated that they had not received any payment on the agreed upon dates for this account.  **See Exhibit "B" (letter) attached hereto**.

18.     Defendant, FIA Card Services, letter went on to state that they would now continue to pursue this debt.

19.     Plaintiffs had made all payments timely to Defendant, Client Services, and did not know why they would receive this letter.

20.     Plaintiffs checks were then returned to them by Defendant, Client Services.

21.     Plaintiffs were informed that Defendant, Client Services, could not process the payments because they were no longer allowed to receive paper checks.

22.     Plaintiffs then started to receive calls from Defendant, Marcadis & Associates, who were now collecting on the above debt.

23.     Plaintiffs asked Defendant, Marcadis & Associates, to please contact their attorneys directly on this matter.

24.     Defendant's continued to call Plaintiff on this matter.

25.     On or about, August 28, 2010, Plaintiffs received a summons from Defendant, Marcadis & Associates on behalf of Defendant, FIA Card Services, for damages not to exceed $7,500.00.  **See Exhibit "C" (summons) attached hereto**.

26.     Defendant, FIA Card Services, demanded judgment against Plaintiff, Marybeth, in the sum of $6,147.66 together with interest and court fees.

27.     On or about October 1, 2010, Plaintiffs received notice from their attorney that Defendant, Marcadis & Associates, had accepted a second settlement agreement with a repayment amount of $3,200.00.

28.     Defendant, FIA Card Services and Defendant, Client Services were in breach of their contract when they promised the Plaintiffs the opportunity to participate in an agreed upon settlement and then reneged on that said agreement at no fault of the Plaintiffs.

29.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants unlawful conduct.

30.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

31.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

33.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

34.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputations, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I -FDCPA

35.     The above paragraphs are hereby incorporated herein by reference.

36.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

37.     The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)2 | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |

§§ 1692e(10)        Any false representation or deceptive means to

collect a debt or obtain information about a

consumer

§§ 1692f              Any unfair or unconscionable means to collect or

attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, Marcadis & Associates, FIA Card Services, Client Services Incorporated for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.     Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II - BREACH OF CONTRACT

38.     The above paragraphs are hereby incorporated herein by reference.

39.     The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiffs the opportunity to participate in an agreed upon settlement.  Plaintiffs accepted the invitation that was offered and agreed to participate in the settlement.

40.     Defendants are in breach of their contract.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, Marcadis & Associates, FIA Card Services, Client Services Incorporated and for the following:

  a.  Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

  c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the

interests of justice require.

## V. **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

          **Respectfully submitted,**

**Date: January 3, 2011**    **BY: _/s/ Rinky S. Parwani_**
              Rinky S. Parwani, Esquire
              Parwani Law, P.A.
              9905 Alambra Avenue
              Tampa, Florida 33619
              (813) 514-8280
              rinky@parwanilaw.com
              Florida Bar Number 629634
              Attorney for Plaintiff